# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cr 18

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| HEATHER TRAYWICK KELLEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on before the undersigned pursuant to a Violation Report (#13) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Emily M. Jones, and the Government was present through AUSA Tom Kent. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through her attorney, admitted the allegation contained in the Violation Report. The Government introduced without objection, the Violation Report, into evidence.

The Defendant was charged in a bill of indictment (#1) dated February 8, 2017

with stealing and carrying away from the premises of a person who is licensed to engage in the business of dealing in firearms, certain firearms, in violation of 18 U.S.C. § 922(u) and also a second count in which Defendant was charged with being an unlawful user of and being addicted to a controlled substance, knowingly possessed in and affecting interstate commerce firearms, in violation of 18 U.S.C. § 922(g)(3). On February 15, 2017, the undersigned entered an Order releasing Defendant on terms and conditions of pretrial release and further set conditions of release which included the following:

    (1)    Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

    (8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 USC § 802, unless prescribed by a licensed medical practitioner.

On March 17, 2017, Defendant tested positive for use of oxycodone for which she did not have a prescription for. Defendant is now pregnant with child. Through the efforts of her counsel, Emily Jones, Defendant has been successful in being admitted to the Community Choices, Inc. Drug Treatment Center which is designed specifically to assist pregnant females. Defendant began participating in the inpatient treatment program on May 16, 2017 and will continue to be in the program

until at least the birth of her child which is predicted to be sometime in July 2017.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)  finds that there is----
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)  finds that ---
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant has committed a federal and state crime while on release. The Defendant possessed oxycodone without a prescription so she could consume that substance. That possession violated both federal and state law. 21 USC § 844, and N.C.G.S. § 90-95(a)(3)

Due to the fact there is probable cause to believe Defendant committed a state

felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. Defendant further violated the term and condition of release that required her not to be in possession of a narcotic drug or other controlled substance unless it was prescribed by a licensed medical practitioner. Defendant does not have a prescription for oxycodone.

Due to the findings made above, the undersigned finds that Defendant violated the terms and conditions of her pretrial release. However, it appears there is drug treatment center which will accept Defendant and which Defendant is already attending and which will help and assist Defendant and not pose a danger to the safety of any other person or the community, and particularly Defendant's child. As a result of the above referenced findings, the undersigned will enter an Order allowing Defendant to continue to be released, but requiring that she be in inpatient treatment care at Community Choices, Inc., CASCADE Services Treatment Program in Charlotte, NC. Defendant is to stay in the program until the birth of her child or August 1, 2017. After the occurrence of either the birth of her child, or August 1, 2017, whichever comes earlier, then counsel may file a motion for the Court to consider whether or not to release Defendant on terms and conditions of

pretrial release.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the terms and conditions of pretrial release (#18) are hereby **MODIFIED** and it is **ORDERED** that Defendant be continued to be released on terms and conditions of pretrial release but those conditions require that Defendant is to reside in an inpatient treatment program at Community Choices, Inc. at the CASCADE services treatment program in Charlotte, NC. Defendant is to stay and reside in the program until the birth of her child or August 1, 2017. After the occurrence of either the birth of the child or August 1, 2017, whichever comes earlier, counsel may file a motion for the Court to consider the continued release of Defendant.

Signed: May 23, 2017

Dennis L. Howell
United States Magistrate Judge